[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Allen Place Condominium Association, Inc. has brought this action against defendant Mark E. Lewis, a condominium owner in plaintiff's complex . . . .
. . . The court, having heard the testimony and studied the exhibits finds the following facts . . . .
For the month August 1991 defendant was assessed $98 as a monthly fee. This was paid.
For the months September 1991 and October 1991 he was assessed $98.00 each and failed to pay. Thus as of October 1992 he owed $196.
For the month November 1991 he was assessed $98 plus a $15.00 late charge which he failed to pay. He thus now owed $309.
For the month December 1991 he was assessed $98.00 plus a late fee of $15.00. He now owed $422. He paid $100 and now owed $322. On December 17, 1991 he was assessed $350 for repair of a garage door which defendant had damaged. He now owed $322 (plus $350 for repair of the garage door) for a total of $672.00.
For the month January 1992 he was assessed $98 which he failed to pay. However, he did pay $322. Thus as of January 31 he owed $98 (plus $350 for repair of the garage door) for a total of $448.
For the month February 1992 he was assessed $98 which he failed to pay. Thus he now owed $196 (plus $350 for the garage door) for a total of $546.00. The defendant admitted he owed this amount.
For the months March 1992 defendant was assessed $98.00 plus a penalty of $15.00. He paid $98.00. Thus he now owed an additional $15.00, Thus as of March 1992 he owed $211 (plus $350 for the garage door) for a total of $561.
For April 1992 he was assessed $108 plus an additional penalty of $15.00. Thus as of April 1992 he now owed $334 (for CT Page 4375 the monthly assessment and late charge) plus $350 for the garage door for a total of $684.
For May 1992 he was assessed $138 plus a penalty of $15.00 for a total of $153.00. Thus he now owed $487.00 (plus $350 for the garage door) for a total of $837. He paid $437.00. Thus as of May 1992 he owed $50.00 (plus $350 for the garage door) for a total of $400.
For June 1992 he was assessed $138.00 plus $15.00 for a penalty, for a total of $153.00. Thus he now owed $203, (plus $350.00 for the garage door). He paid $133.00. Thus he now owed $70.00 (plus $350 for the garage door).
For July 1992 he was assessed $138 plus $15.00 for a late fee (for a total of $153). He paid $133.00. Thus he now owed $90.00 (plus $350 for the garage door).
For August 1992 he was assessed $138.00 plus $15.00 for a late fee for a total of $153.00. He paid $108.00. thus he now owed $135 (plus $350 for the garage door) for a total of $485.
From September 1992 through June 1993 he was assessed $108 per month which he paid. Defendant continued to assess him $15 per month as a late fee. Thus by June 1993 defendant had added $150 onto the late fees and claimed that plaintiff owed him $285 (plus $150 for the garage door). Thus defendant was then claiming that plaintiff owed $635.00.
On July 1993 defendant was assessed $108 plus a $15.00 late fee. He paid $123.00. Thus he still owed $135 (plus $350 for the garage door) for a total of $485. Defendant claimed he still owed $635, having added on $150 in late fees.
On August 1993 defendant was assessed $108.00 plus a $15.00 late fee. He paid $108. Thus he still owed $135.00 (plus $350 for the garage door) for a total of $485. Defendant had added an additional $15.00 late fee and now claims he owed $650.
On September 1993 defendant was assessed $108 plus a $15.00 late fee. He paid $108. Thus he still owed $135.00 (plus $350 for the garage door) for a total of $485. Plaintiff now claims he owed $665, having added an additional $15.00 late fee.
As of October 1993 defendant was assessed $108 plus a $15.00 CT Page 4376 late fee. He paid $108. Thus he still owed $135 (plus $350 for the garage door) for a total of $485. Plaintiff now claimed he owed $680, having added an additional $15 late fee.
As of November 1993 defendant was assessed $108 plus a $15.00 late fee. He paid $108. Thus he still owed $135 (plus $350 for the garage door) for a total of $485. Plaintiff now claimed he owed $695, having added an additional $15 late fee.
As of December 1993 defendant was assessed $108 plus a late fee of $15.00. This was not paid. Thus he now owed $258 (plus owed $818.00 (because of the additional late fees in the amount of $210.00).
As of January 1994 defendant was assessed $108 plus a late fee of $15.00. This was not paid. Thus he now owed $381 (plus $350 for the garage door) for a total of $731.00. Plaintiff claimed he owed $941.00 (because of the additional late fees in the amount of $210.00).
For the months February 1994 through February 1995 the plaintiff paid the assessments as they came due. Thus as of February 1995 he still owed $381 (plus $350 for the garage door) for a total of $731.00. Plaintiff now claimed he owed $1,136.00 having added additional late fees in the amount of $195.00.
For the month of March 1995 the defendant was assessed $108 plus a late fee of $15.00. This was not paid. Thus he now owed $504 (plus $350 for the garage door for a total of $854. Plaintiff claims he owed $1,259 (because of additional late fees which had now been assessed in the amount of $405.00).
As of April 1995 defendant's assessment was $108 plus $15.00 for a late fee. This was not paid. He now owed $627 (plus $350 for the garage door) for a total of $977. Plaintiff claimed he owed $1,382 (because of additional late fees which had been assessed in the amount of $405).
As of May 1995 defendant's assessment was $108 plus $15 for a late fee. He paid $108 plus an additional $266.00. He now owed $627 less $266.00 or $361 (plus $350 for the garage door) for a total of $711.00. Plaintiff claimed he owed $1,131 having now added another $15 late charge onto the $405 for a total of $420 in late charges. CT Page 4377
As of June 1995 the defendant's assessment was $158 plus a late fee of $15.00. He paid only $150.00. Thus he now owed an additional $23.00 or $384 (plus $350 for the garage door) for a total of $734. Plaintiff claimed that he owed $1,154 because of the $420 in additional late charges.
For the months July 1995 through October 1995 the defendant's monthly assessments were $108 which he paid. Thus he still owed $734. plaintiff claimed he owed $1,214 having added on additional late fees of $60 to the $420 previously assessed.
As of November 1995 the defendant was assessed $108, plus a late penalty in the amount of $15.00 which he paid. Thus he still owed $384 (plus $350 for the garage door) for a total of $734.00. Plaintiff claimed he owed $1,214.00.
For the month December 1995 the plaintiff's assessment was $108 which he paid. Thus he still owed $734.00. The defendant now claimed he owed $1,229, having added on an additional late charge of $15.00 to the $480 previously assessed. The late charge assessment now was $495.
For the month January 1996 the defendant's assessment was $120 which he paid. Thus he still owed $734. The defendant now claimed he owed $1,244, having added another late charge of $15 onto the $495 previously assessed. The late charge assessment was now $510.
For the month February 1996 the defendant's assessment was $120 plus $15 for a late charge which he paid. Thus he still owed $734 (and not $1,244 as claimed by the plaintiff).
For the month March 1996 the assessment was $120 which he paid. He thus still owed $384 (plus $350 for the garage door) for a total of $734. Plaintiff now claimed he owed $1,259, having added on an additional late charge of $15.00. The late charge assessment was now $525.00.
For the month April 1996 the defendant's assessment was $120 which, according to his believable testimony, he paid. He thus still owed $384 (plus $350 for the garage door) for a total of $734.
According to plaintiff's records he now owes $1,394, having added on $120 plus an additional late charge of $15.00. The late CT Page 4378 charge assessment was now $540.
In summary, plaintiff claims it is owed $304 for unpaid monthly assessments, $740 for late charges, and $350 for repair of the garage for a total of $1,394. The court disagrees.
DISCUSSION
After going through the records and listening to the testimony of the parties, the court finds that the defendant has charged $540.00 for late fees which under the circumstances it should not have charged. These are as follows:
 The months of 9/92 through 6/93 $150.00 The months of 8/93 through 11/93 60.00 The months of 2/94 through 2/95 195.00 The month of 5/95 15.00 The months of 7/95 through 10/95 60.00 The month of 12/95 15.00 The month of 1/96 15.00 The month of 3/96 15.00 The month of 4/96 15.00 $540.00
These were the months when the defendant paid the exact amount of the assessment. He did not pay late fees for those months because he had already been charged late fees for those months when he was in fact late, and he was trying unsuccessfully to deal with the defendant's claims. The court finds that plaintiff was completely frustrated in trying to figure out what he owed to the defendant. He tried several times to contact the defendant in this regard and was given no satisfaction. By letter dated May 11, 1992 the defendant was told by Attorney Robert Bender that he owed $849 through May 1992. Yet a study of Exhibit 2 shows a balance of $400. Apparently Mr. Bender saw fit to add on an attorney's fee of $150 at a time when the amount owed by the defendant was confusing.
By letter dated June 4, 1992 the defendant's attorney told the defendant that he owed $628. Yet Exhibit 2 shows that he owed $420. Here again the attorney insisted that defendant owed him an attorney's fee of $150.
By letter to defendant dated November 15, 1993 Attorney Bender claimed that the plaintiff owed $2,787.90 through October CT Page 4379 1993. Yet Ex. 2 shows a balance due of $680.
It is clear that the defendant was completely confused as to what he owed and did everything he could to straighten the matter out. See defendant's Exhibits 4, 7, 9.
The defendant admitted that he owed $350 for the cost of repairs of the garage door and in fact tried to pay for that twice. In both cases the check was returned to him.
Understandably, the defendant was late in paying for the garage door repairs because he hoped it would be paid for by the defendant's insurance policy. He had asked to see a copy of the insurance policy which was in effect when the door was damaged. However, defendant failed to show him a policy that was in effect when the garage door was damaged. The court believes plaintiff was justified in bringing the lawsuit in 1992 because the defendant had been quite sporadic in making his monthly payments for a period of time. However, when defendant tried to straighten the matter out, he was given short shrift. He was not treated fairly by defendant or its attorney (who happened to be the brother of defendant's manager). The court believes the whole matter could have been cleared up without all the litigation brought about by Attorney Bender. Under the circumstances, the court finds the defendant's request for $10,176.00 as an attorney's fee to be unreasonable.
The court finds that the defendant owes the following: $384 (including late fees) plus $350 for repair of the garage door for a total of $734.00. The court finds that an fee of $2,500.00 would be reasonable under the circumstances . . . .
Accordingly, judgment may enter for the plaintiff in the amount of $734, plus an attorney's fee of $2,500, plus costs in the amount of $844.60 for a total of $4,078.60.
The value of the property foreclosed is $70,000.
A judgment of strict foreclosure may enter with a law day of December 31, 1996. The defendant Mark E. Lewis, on or before December 31, 1996 shall pay to the plaintiff the sum of $4,078.60 as set forth above.
Unless the defendant Mark E. Lewis, on or before December 31, 1996, shall pay said sum, the defendant, his heirs and assignees CT Page 4380 shall be forever barred and foreclosed of all equity to redeem the premises known as Unit #4-A, 100 Allen Place, more particularly described by a deed recorded August 1, 1991, in Volume 844 at page 341 of the Windsor Land Records.
ALLEN, STATE JUDGE REFEREE